# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN PATRICK GREENBLATT,<br><br>             Plaintiff,<br><br>     v.<br><br>DR. I. PATEL, et al.,<br><br>             Defendants.<br>_____/ | CASE NO. 1:12-cv-00046-SKO PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION<br><br>(Doc. 11) |

Plaintiff Shawn Patrick Greenblatt, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 10, 2012. On April 25, 2012, Plaintiff filed a motion seeking a preliminary injunction. Although Plaintiff does not specify the nature of the injunction sought, it pertains to Plaintiff's current conditions of confinement, as Plaintiff asserts that he is being retaliated against for seeking medical care, and prison officials are interfering with his pain medication, falsifying his medical records, and threatening him with placement in administrative segregation.

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy," City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted), and for each form of relief sought in federal court, Plaintiff must establish standing, Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009) (citation omitted); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted). This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must

be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. Summers, 555 U.S. at 493 (quotation marks and citation omitted); Mayfield, 599 F.3d at 969.

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

In this action, as set forth in detail in the screening order, there is an actual case or controversy arising out of a past incident involving the failure of Defendants Doe 1 and Doe 2 to summon medical care for Plaintiff.  As a result, while Plaintiff has standing to seek damages for the past violation of his rights by Defendants Doe 1 and Doe 2 on January 22, 2011, he does not have standing to seek any orders directing at remedying his current conditions of confinement.  18 U.S.C. § 3626(a)(1)(A); Summers, 555 U.S. at 493; Mayfield, 599 F.3d at 969.  Further, although Plaintiff has been given leave to amend his deficient claims, those claims also arise from past events and cannot support a request for an order regarding current conditions of confinement.

Accordingly, Plaintiff's motion for a preliminary injunction, filed on April 25, 2012, is HEREBY DENIED for lack of jurisdiction.

IT IS SO ORDERED.

**Dated:   October 2, 2012**         /s/ Sheila K. Oberto
                                       UNITED STATES MAGISTRATE JUDGE