1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10 | SHAWN PATRICK GREENBLATT,

11 |         Plaintiff,

12 |     v.

13 | DR. I. PATEL, et al.,

14 |         Defendants.

15 | _____/

Case No.  1:12-cv-00046-SKO PC

ORDER DENYING MOTION FOR
APPOINTMENT OF ANOTHER
ATTORNEY

(Doc. 37)

16

17      Plaintiff Shawn Patrick Greenblatt, a state prisoner proceeding pro se, filed this civil rights

18 action pursuant to 42 U.S.C. § 1983 on January 10, 2012.  On January 7, 2013, the Court

19 appointed an attorney to represent Plaintiff for the limited purpose of identifying the Doe

20 defendants named in his complaint and filing an amended complaint.  Voluntary counsel Sarita

21 Ordonez completed her limited appointment obligation on September 6, 2013, and on September

22 24, 2013, the Court relieved her of the appointment.[1]

23      Pending before the Court is Plaintiff's motion seeking the appointment of another attorney

24 to represent him for further proceedings, filed on August 23, 2013.

25      Plaintiff does not have a constitutional right to the appointment of counsel in this action.

26 *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353

27 (9th Cir. 1981).  The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C.

28

---

[1] Plaintiff's amended complaint will be screened in due course.  28 U.S.C. § 1915A.

1  § 1915(e)(1), but it will do so only if exceptional circumstances exist.  *Palmer*, 560 F.3d at 970;

2  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  In making this determination, the

3  Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate

4  his claims *pro se* in light of the complexity of the legal issues involved.  *Palmer*, 560 F.3d at 970

5  (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331.  Neither consideration is

6  dispositive and they must be viewed together.  *Palmer*, 560 F.3d at 970 (citation and quotation

7  marks omitted); *Wilborn* 789 F.2d at 1331.

8       In the present case, the Court does not find the required exceptional circumstances.  Even

9  if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations

10  which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with

11  similar cases almost daily.  Further, at this early stage in the proceedings, the Court cannot make a

12  determination that Plaintiff is likely to succeed on the merits, and based on a review of the record

13  in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  *Palmer*,

14  560 F.3d at 970.

15       While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and

16  his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel.

17  *See Wilborn*, 789 F.2d at 1331 ("Most actions require development of further facts during

18  litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary

19  to support the case.")  The test is whether exceptional circumstances exist and here, they do not.

20       Accordingly, Plaintiff's motion for the appointment of another attorney to represent him

21  for further proceedings is HEREBY DENIED.

22
23  IT IS SO ORDERED.

24    Dated:   __September 24, 2013__          _____ /s/ Sheila K. Oberto_
                                            UNITED STATES MAGISTRATE JUDGE
25
26
27
28

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28