# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN PATRICK GREENBLATT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. I. PATEL, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:12-cv-00046-LJO-SKO (PC)<br><br>ORDER (1) DENYING MOTION TO DISMISS ON PROCEDURAL GROUNDS, (2) REQUIRING DEFENDANTS TO FILE RESPONSIVE PLEADING OR MOTION WITHIN THIRTY DAYS, (3) DENYING MOTION FOR EXTENSION OF TIME AS MOOT, AND (4) DEEMING REQUEST FOR CLARIFICATION ADDRESSED<br><br>(Docs. 57, 59, and 60) |

**I.   Procedural History**

Plaintiff Shawn Patrick Greenblatt ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 10, 2012. This action is proceeding against Defendants Brockington, Gringas, Lawson, and Ocampo ("Defendants") for violating Plaintiff's rights under the Eighth Amendment of the United States Constitution.

On March 21, 2014, Defendants filed an unenumerated Rule 12(b) motion to dismiss for failure to exhaust and a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b). On March 31, 2014, Plaintiff filed a motion seeking an extension of time to file a response to the motion to dismiss, and on

April 4, 2014, Defendants filed a motion seeking clarification in light of the decision in *Albino v. Baca*, No. 10-55702, 2014 WL 1317141 (9th Cir. Apr. 3, 2014) (en banc).

## II.  Discussion

### A.  Unenumerated Rule 12(b) Motion to Dismiss

On April 3, 2014, the United States Court of Appeals for the Ninth Circuit issued a decision overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) with respect to the proper procedural device for raising the issue of administrative exhaustion. *Albino*, 2014 WL 1317141, at *1. Following the decision in *Albino*, Defendants may raise the issue of exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment. *Id.* at *4 (quotation marks omitted). An unenumerated Rule 12(b) motion is no longer the proper procedural device for raising the issue of exhaustion and Defendants' motion to dismiss is denied on procedural grounds, without prejudice to renewal. *Id.*

### B.  Rule 12(b)(6) Motion to Dismiss

In moving to dismiss under Rule 12(b)(6), Defendants attached the declaration of C. Pfeiffer, Associate Warden of Business Services, and supporting business records. Defendants request that the Court take judicial notice of the declaration and business records, and they argue the Court can consider the evidence without converting the motion to one for summary judgment, based on the taking of judicial notice.

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), *cert. denied*, 132 S.Ct. 1762 (2012). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). However, courts may properly consider matters subject to judicial notice and documents

incorporated by reference in the pleading without converting the motion to dismiss to one for summary judgment. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Statements in C. Pfeiffer's declaration and the supporting business records may be subject to dispute and as such, they are not indisputable "facts" subject to judicial notice. Fed. R. Evid. 201(b); *Ritchie*, 342 F.3d at 908-09; *In re Oracle Corp. Securities Litigation*, 627 F.3d 376, 386 n.1 (9th Cir. 2010); *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007). Therefore, it is not appropriate for the Court to consider Defendants' evidence without converting the motion into one for summary judgment. *Ritchie*, 342 F.3d at 909. If Defendants believe Plaintiff has named the wrong parties, as they argue, they may file a properly noticed motion for summary judgment raising that issue and provide Plaintiff with the requisite contemporaneous "fair notice" of the requirements for opposing the motion. *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012).

### III.    Order

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion to dismiss, filed on March 21, 2014, is denied on procedural grounds, without prejudice to renewal pursuant to Fed. R. Civ. P. 56 and Local Rule 260;

2. Defendants have **thirty (30) days** from the date of service of this order within which to file a responsive pleading or motion;

3. Plaintiff's motion for an extension of time to file a response to the motion to dismiss, filed March 31, 2014, is denied as moot; and

4. Defendants' motion for clarification in light of *Albino*, filed on April 4, 2014, is deemed addressed.

IT IS SO ORDERED.

Dated:   **April 9, 2014**              /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE